IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jerome S. Garcia,<br><br>          Plaintiff,<br><br>v.<br><br>Donna Strom,<br><br>          Defendant. | C/A: 3:21-cv-1715-SAL<br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 10.]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jerome S. Garcia, proceeding *pro se*, filed his complaint against South Carolina Family Court Judge Donna Strom pursuant to 42 U.S.C. § 1983. [ECF No. 1; ECF No. 8.]

The Magistrate Judge issued the Report recommending summary dismissal of this action with prejudice. [ECF No. 10.] Plaintiff then filed documents titled Rebuttal to Report and Recommendations [ECF No. 13] and Objections to Summary Judgment [ECF No. 16], both of which the court construes as objections to the Report. Plaintiff later filed a Motion for Default Judgment. [ECF No. 19.] The matter is now ripe for consideration.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

*de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

Plaintiff alleges that on February 22, 2018, Defendant held a hearing on Plaintiff's child support obligations, and at that time, she "defaulted" him "without any due process, explanation, attorney, or any evidence . . . that would negate any child support claim." [ECF No. 1-1 at 2.] According to Plaintiff, "Donna Strom was a retired judge, acting in her individual capacity acting in a tribunal without jurisdiction, acting maliciously and outside of statutory protections willingly as a state advisor for DSS." *Id.* After being advised that his case was subject to summary dismissal because Defendant is entitled to judicial immunity, Plaintiff filed his amended complaint in which

he asserted Defendant was not entitled to judicial immunity because she did not perform a judicial act and because she acted without jurisdiction. [ECF Nos. 8-1 at 5; 8-2 at 3.]

In the Report, the Magistrate Judge concludes Plaintiff's complaint fails to state a claim upon which relief can be granted because Defendant has absolute immunity from Plaintiff's claims arising out of her judicial actions. *Id.* at 4–6. The Magistrate Judge also finds Plaintiff failed to allege facts to overcome immunity. *Id.* at 5–6.

Judges are immune from claims for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). But more than that, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")). Judicial immunity can be overcome only in limited circumstances: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* (internal citations omitted).

Plaintiff objects to the Magistrate Judge's recommendation, arguing the Magistrate Judge erred in calling Defendant a judge because *he* did not identify Defendant as a judge. [ECF No. 13 at 1.] This objection is without merit. Though Plaintiff alleges Defendant was acting in an executive function, and he identifies her as a retired judge in his pleadings, he attaches to his complaint an order signed by Defendant as "Judge of the Family Court." [ECF No. 8-2 at 12.] Plaintiff's conclusory allegations that Defendant acted in some other capacity are unavailing in light of his own submissions to the court.

3

Plaintiff makes other conclusory arguments that Defendant lacked jurisdiction because Plaintiff did not sign an agreement. *See* [ECF Nos. 13 at 2–8; 16 at 6–7.] Again, though, the documents Plaintiff submitted belie his contentions. Those documents show Defendant, as a "Judge of the Family Court" issued an order on a matter of child support. [ECF No. 8-2 at 12.] There is no indication her actions were taken in the complete absence of all jurisdiction, so the court rejects this argument.

Plaintiff then characterizes the Magistrate Judge as the "movant" in a "Summary Judgment motion" in another set of objections. [ECF No. 16 at 1–5.] The bulk of these objections are baseless, general allegations that the Magistrate Judge did not follow the law. *Id.* Plaintiff misapprehends this process. There is no motion for summary judgment, and the Magistrate Judge is not a movant in this case. Instead, the Magistrate Judge made a recommendation to this court about the disposition of this matter, which the court is free to adopt, reject, or modify. Plaintiff's objections are wholly without merit. The court rejects them.

For these reasons, the court overrules Plaintiff's objections, which are largely generalized, conclusory, and similar to the issues he raised in his complaint. The court also denies Plaintiff's motion for default judgment because Defendant is entitled to judicial immunity for the reasons discussed above.[1]

---

[1] After filing his objections, Plaintiff filed a "Cause of Action" alleging multiple civil claims against Defendant arising out of the same conduct he complains of in his complaint and amended complaint. *See* [ECF No. 18.] For the reasons discussed in this order, Defendant is entitled to absolute immunity from suit.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court adopts the Report, ECF No. 10, and incorporates the Report by reference herein. Plaintiff's complaint is thus **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff's motion for default judgment, ECF No. 19, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

February 17, 2023
Columbia, South Carolina